# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JIMMIE CLEMONS, Individually and on behalf of those similarly situated, § § § § *Plaintiff,* § § v. § § PHB, INC.; ROBERT W. BROWNING; PAMELA H. BROWNING; and E-TRANSPORT GROUP, INC. § § § § § *Defendants* § | | CIVIL ACTION NO. 3:17-cv-417 Collective Action Jury Trial Demanded |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Jimmie Clemons ("Plaintiff"), on behalf of himself and others similarly situated, brings this cause of action against Defendants, PHB, Inc. ("PHB"), Robert W. Browning ("R. Browning"), Pamela H. Browning ("P. Browning") (the "Brownings"), and E-Transport Group, Inc. ("E-Trans") (collectively "Defendants"). PHB is the employer of Plaintiff. R. Browning and P. Browning are officers and managers of PHB, who, along with E-Trans, are alleged to be joint employers of Plaintiff and putative plaintiffs. In support of his claims, Plaintiff would respectfully show the Court as follows:

### I. Introduction and Summary

1. This lawsuit is filed to recover all unpaid overtime wages and other damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219, and the Federal Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (the "Act" or "FLSA"), on behalf of yard spotters working for Defendants

during the three-year period immediately preceding the date upon which this action was filed. In addition to unpaid overtime, Plaintiff seeks liquidated damages, prejudgment interest, (in the event that liquidated damages are not awarded), postjudgment interest, costs of court, and attorney's fees arising out of the Defendants' FLSA violations.

2. Plaintiff has been, and continues to be, employed by Defendants PHB.

## II. Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. §§ 201, et seq.

4. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

5. During all times relevant to this lawsuit, Defendants have done and continue to do business in the State of Texas.

6. At all times relevant to this lawsuit, PHB has been an "enterprise engaged in commerce," as defined by the FLSA.

7. At all times relevant to this lawsuit, PHB has employed, and continues to employ, two or more persons.

8. At all times relevant to this lawsuit, PHB employed, and continues to employ, two or more employees who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person. For example, PHB and their employees handle and/or work on truck trailers and the contents of those trailers that were moved in or produced for commerce, by moving those trailers in and about the loading yard at Beckleymead location. Other examples include the spotter trucks that were produced in interstate commerce, and warehouse equipment, tools, office and maintenance supplies, telephones, computers, internet services and

internet equipment.

9. On information and belief, at all times relevant to this lawsuit, PHB has had annual gross sales or volume in excess or $500,000.

10. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that Plaintiff may bring this action in any appropriate United States District Court.

11. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 since the acts and omissions giving rise to this lawsuit have taken place in the Northern District of Texas, in Dallas County, Texas, where Plaintiff is employed by Defendants and where Defendants conduct business. Plaintiff also resides and is domiciled in Dallas, Dallas County, Texas.

### III. Parties

12. PHB is a Florida for-profit corporation. Plaintiff alleges that R. Browning, P. Browning, and E-Transport Group, Inc. are joint employers of Plaintiff under the FLSA.

13. At all times relevant hereto (the three-year period of time immediately preceding the date upon which this action was filed), Plaintiff is and has been a non-salary, hourly employee earning $16 to 16.50 per hour as a non-exempt employee of Defendants.

14. With the exception of the first few weeks of his employment, Plaintiff has consistently worked 55 to 70 hours per workweek. For all hours over 40 in a single workweek, Plaintiff was paid straight time only. When he inquired about overtime pay, he was told by his supervisor that Defendants do not pay overtime to spotters.

15. Plaintiff is an "employee," as defined by the FLSA, because he was engaged to perform work for Defendants at their facility located at 2320 Beckleymead Ave., Dallas, Texas.

## IV. Facts

### *a. Plaintiff*

16. Plaintiff was hired by E-Trans to work for PHB in February 2016, and continues to work for that PHB as of the date this action was filed.

17. At all times during his employment, Plaintiff is and has been employed to spot truck trailers at a Home Depot distribution warehouse located at 2320 Beckleymead Ave., Dallas, Dallas County, Texas 75232.

18. At all time during his employment with PHB Plaintiff has held a position known as a yard spotter, yard jockey or yard hostler.[1] Spotters perform duties that do not meet any exemption from overtime under the FLSA.

19. As Spotters, Plaintiff and his coworkers who are potential punitive plaintiffs are responsible for moving 53-foot truck trailers on or about Defendants' customers' premises, between the storage yard, where trailers are temporarily parked, and the loading docks.

20. Spotters at the Beckleymead Ave. yard use specially equipped trucks not suitable for driving on public streets or highways.

21. Spotters, upon information and belief, do not drive their spotter trucks on public streets or highways.

22. The warehouse yard in which Plaintiff works is staffed by security personnel and closed to the public.

23. Plaintiff hooks and unhooks trailers from the spotter truck he drives without the aid of other persons. Likewise, he chocks trailers without the assistance of another person.

24. The side of the Home Depo warehouse/distribution facility where Plaintiff spots trailers

---

[1] Plaintiff and putative plaintiffs are sometimes referred to herein as a "Spotter" or "Spotters".

has more than 100 loading docks where Plaintiff spots trailers. Plaintiff is instructed by his supervisor where and when to move trailers from the yard to a particular dock and where to move the trailer from the dock when it is empty.

25. Plaintiff believes he was employed by E-Trans because he responded to a public ad published by that company and was hired by E-Trans. The name "PHB" was never mentioned by E-Trans during Plaintiff's interview and the processing of his employment application.

26. The yard trucks he and other Spotters drive are marked with the name "E-Trans."

27. When a management representative was scheduled for a visit to the Beckleymead Ave. yard, Plaintiff was alerted by his supervisor that the "owner of the company" was coming for a visit. That visitor was later identified to Plaintiff to be from E-Trans.

28. When first employed, Plaintiff was required to sign "some papers" but was not allowed to read them. Later, when Plaintiff asked for copies of what he signed, his supervisor refused to provide them.

29. When issues about pay checks arise, Plaintiff and other Spotters are instructed to call E-Trans for answers.

30. Defendants paid Plaintiff "straight time" for hours worked in excess of 40 per workweek, with no premium pay for hours worked in excess of 40 in any workweek.

31. Upon several occasions, Plaintiff and other Spotters inquired about overtime pay to their supervisor, but were told that Defendants were not required to pay Spotters overtime.

### b. *PHB, Inc.*

32. PHB, Inc. is a Florida for-profit corporation with offices at 225 River Drive, East Palatka, FL. 32131. Upon information and belief, PHB also maintains an office at 4500 Salisbury Rd., Jacksonville, FL. 32216, where E-Trans also maintains an office. PHB was incorporated under the laws

of the State of Florida in 2002.

33. Payroll checks to Plaintiff and other Spotters are drawn on a bank account which appears to be owned by PHB.

34. Plaintiff has had no known contact with PHB, and has continuously, since he became employed at the Beckleymead Ave. yard, thought he was an employee of E-Trans.

35. Plaintiff avers, upon information and belief, that PHB operates as a co-principal with E-Trans, originating trailer spotting business from third-parties which E-Trans then operates and manages on a profit sharing basis with PHB.

36. PHB issues pay checks to Plaintiff and other Spotters, and has the right, along with the other Defendants, to hire, fire, discipline, and set wages for Plaintiff and the other Spotters.

37. Upon information and belief, PHB maintains, along with the other Defendants, the employment records of Plaintiff and other Spotters, including records of wages paid and hours worked.

*c. R. Browning and P. Browning*

38. R. Browning and P. Browning are the president and vice president of PHB, Inc., respectively. Upon information and belief, the Brownings have an ownership interest in PHB.

39. The Brownings, along with the other Defendants, control the economic realities of the employment relationship with Plaintiff and the Spotters because each of the Brownings has the authority to hire, fire, discipline, set wages, work schedules, and control working conditions. Further, upon information and belief, each of the Brownings has control of the employment records of Plaintiff and the Spotters.

*d. E-Trans*

40. E-Trans is a company that provides spotter services throughout the country for other companies, including hiring spotters for those companies, managing their spotting yards, and furnishing equipment. Upon information and belief, E-Trans has direct control over setting the compensation and working conditions for Plaintiff and other Spotters. The corporate offices of E-Trans are located in Jacksonville, Florida.

41. E-Trans also maintains records pertaining to Plaintiff and other Spotters, such as records of wages paid and hours worked.

42. E-Trans hired Plaintiff to work at the Beckleymead yard.

43. Plaintiff, and it is believed other Spotters as well, believed they were working only for E-Trans because they were hired by E-Trans and only communicated with E-Trans when issues such as payroll questions arose.

44. The spotter trucks driven by Plaintiff and other Spotters at the Beckleymead Ave. yard bore the name "E-Trans" on their side doors. Upon information and belief, most Spotters at the Beckleymead Ave. yard are not familiar with the name "PHB" and believe they work for E-Trans.

*e. Class of Similarly Situated Employees*

45. Spotters are, and have been, employed by Defendants on an hourly basis, just as Plaintiff, and therefore are similarly entitled to one and one-half times their regular rate of pay for time worked in excess of 40 hours per week under the FLSA.

46. An appropriate definition of the potential collective action group of similarly situated employees of Defendants' is as follows:

All hourly-paid employees of PHB, Inc. (sometimes doing business under the name of E-Trans or E-Transport Group or E-Transport Carriers) who are/were employed as a yard spotter of truck trailers from and after the three-year period immediately prior to the date upon which this lawsuit was filed, and who were not paid an overtime premium for hours worked in excess of forty (40) for any week during the stated time period. This Class includes any such spotters who were so employed at any of PHB's locations nationwide.

## V. Facts and Issues Common to Plaintiff and Putative Plaintiffs

47. PHB owns and operates a warehouse trailer spotting business in Dallas, Texas, and is believed to operate other such locations, as well. Plaintiff and a portion of anticipated putative plaintiffs work out of the Beckleymead Ave. location in Dallas. It is expected that there will be other putative plaintiffs who are similarly situated to Plaintiff who work out of other distribution warehouses where Defendants operate yard spotting services. Plaintiff and putative plaintiffs are subject to the same company-wide pervasive policy which has the effect of denying them overtime compensation.

48. There likely will be limited disagreement amongst the parties regarding the number of overtime hours worked because Plaintiff and putative plaintiffs generally work a set schedule and it is believed that Defendants maintain accurate records of all hours worked by Spotters.

49. Nor is it likely that the hourly rate of overtime compensation will be the subject of dispute due to the fact that calculating that rate is well established to be one and one-half times the Spotters' regular rate. There are no bonuses or other forms of compensation to be considered. And there are no known exemptions regarding employee coverage defenses that apply to Plaintiff and/or putative plaintiffs, but to the extent that any may arise, they likely will apply across-the-board to all Spotters.

50. Plaintiff asserts claims for overtime and other damages under the FLSA. Plaintiff does not believe that that PHB can carry its burden of proving that Plaintiff are/were exempt under any provision of the FLSA. Therefore, Plaintiff and putative plaintiffs are entitled to recover from Defendants overtime pay at the rate of one and one-half their regular rate of pay for all hours worked in excess of 40 during any and all workweeks, together with liquidated damages, legal fees, court costs, and post-judgment interest.

51. Plaintiff seeks an order from this Court certifying a collective action class which includes all persons employed by PHB from the period of time commencing three years prior to the date upon which this lawsuit was filed, forward to the date of judgment of this action.

52. Each of Defendants has the authority to hire and fire Plaintiff and putative plaintiffs at any time.

53. Each of Defendants have the authority to set Plaintiff's and putative plaintiffs' wages.

54. Each of Defendants has the authority to control the manner in which Plaintiff and putative plaintiffs perform their work, including instructing Plaintiff and putative plaintiffs when and where to report to work.

55. Each of Defendants has control over Plaintiff's and putative plaintiffs' working conditions.

56. Each of Defendants engaged Plaintiff and putative plaintiffs to perform work as a spotter.

57. Each of Defendants has authority to control all details of the employment relationship with Plaintiff and putative plaintiffs, including setting Plaintiff's work schedules and compensation.

58. Upon information and belief, the records concerning the number of hours

worked and amounts paid to Plaintiff and putative plaintiffs, are in the possession, custody and/or control of Defendants.

## VI. Collective Action Allegations

59. When the employer's actions or policies were effected on a company-wide basis, notice of a Fair Labor Standards Act action may be sent to all similarly situated persons on a company-wide basis. *Ryan v. Staff Care, Inc*., 497 F. Supp. 2d 820, 825 (N.D. Tex. 207) (certifying nationwide collective action in FLSA case).

60. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or proceeding.

61. Plaintiff reserve the right to amend the definition of the putative class, or sub-classes therein if discovery and further investigation reveal that the putative class should be expanded or modified.

62. There are common questions of law and fact applicable to the Class including the question whether Plaintiff and putative collective action members have suffered unpaid overtime due to Defendants' refusal to pay spotters overtime compensation.

63. Plaintiff is an appropriate class representative for the purposes of this Court conditionally certifying an "opt-in" collective action under Section 16(b) of the Act, 29 U.S.C. § 216(b), and approving a notice of the action to be sent to putative collective action members because Plaintiff's claim of unpaid wages is the same or similar to the claims of other putative collective action members.

64. Plaintiff intends to obtain and file with this Court additional written consents of current or former Spotters employed by Defendants who are within the collective action described herein.

65. There is no conflict between Plaintiff's claim of unpaid wages and the claims of unpaid wages of other yard jockey employees of Defendant who are similarly situated to Plaintiff.

## VII. Claims for Damages

66. Plaintiff incorporates all of the foregoing paragraphs here.

67. Within the three-year period immediately preceding the date upon which this lawsuit was filed, Plaintiff often work in excess of 40 hours per workweek.

68. Because Plaintiff was paid on an hourly basis, he was entitled under the FLSA to be paid an overtime premium at one and one-half his regular rate of pay for any hours over 40 during a workweek.

69. Defendants did not pay Plaintiff an overtime rate for hours worked over 40 in any workweek.

70. At all relevant times Defendants intended to deprive Plaintiff of the overtime pay he to which he was/is entitled.

71. At all relevant times, Defendants knew that its conduct of failing to pay Plaintiff overtime was a violation of the FLSA because, by way of example only, Defendants were put on notice by Plaintiff and other Spotters that they expected overtime.

72. At all relevant times, Defendants showed reckless disregard for whether its actions complied with FLSA as it relates to its failure to pay overtime to Plaintiff.

73. As a result of the foregoing willful unlawful conduct on the part of Defendants, Plaintiff and the putative collective action plaintiffs have suffered damages in that they have not received proper overtime wages. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendants' willful failure to pay overtime in violation of section 7 of the Act, 29 U.S.C. § 207.

## VIII. JURY TRIAL

74. Plaintiff respectfully demands trial by jury.

WHEREFORE, Plaintiff, for himself and those similarly situated, requests the following relief against Defendants, jointly and severally:

A. an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such class members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal, and thereafter final approval of a collective action;

B. money damages for all unpaid overtime compensation for Plaintiff and putative plaintiffs;

C. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff and putative plaintiffs;

D. pre-judgment and post-judgment interest for Plaintiff and putative plaintiffs;

F. attorneys' fees and costs expended in the prosecution of this case;

   and

G. any and all further relief permissible by law.

Respectfully submitted,
/s/ *Roger D. Marshall*
Roger D. Marshall
State Bar No. 13040000
10604 Corvallis Dr.
Dallas, Texas 75229
Tel: 214-850-1989
Fax: 214-363-4833
E-mail: Rmarsh9558@aol.com

*Attorney for Plaintiff*