# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JIMMIE CLEMONS and EDWARD HOUSTON, On Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-0417-B |
| PHB, INC. and E-TRANSPORT GROUP, INC., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Conditional Certification of FLSA Collective Action and for Issuance of Notice. Doc. 50. For the following reasons, the Court **GRANTS** the motion but limits Plaintiffs' proposed class definition and notice method as described below.

## I.

## BACKGROUND[1]

This is a Fair Labor Standards Act (FLSA) case brought by Jimmie Clemons and Edward Houston, on behalf of themselves and all other similarly situated employees (collectively "Plaintiffs") against PHB, Inc. and E-Transport Group, Inc. (ETG) (collectively "Defendants"). Plaintiffs bring suit seeking unpaid wages resulting from Defendants' alleged failure to pay Plaintiffs in accordance with the FLSA's overtime pay requirements. Doc. 60, Pls.' Am. Compl., ¶¶ 1, 99. In their Amended

---

[1] The Court draws its factual account from the allegations contained in Plaintiffs' Amended Complaint and from the parties' briefing on the Motion for FLSA Conditional Certification before the Court. Contested facts will be noted as such.

Complaint, Plaintiffs allege that they were jointly employed[2] by Defendants as yard drivers for Defendants, at a warehouse facility in Dallas, Texas, and were tasked with "moving trailers for Defendants' [sic] around a warehouse facility using a vehicle known as a yard truck." *Id.* ¶¶ 5, 10. Defendants paid Plaintiffs an hourly rate; however, Plaintiffs allege that Defendants failed to pay Plaintiffs any overtime pay for hours worked over 40 hours in a work week. *Id.* ¶ 61. Plaintiffs further argue that Defendants had a similar practice or policy to not pay other yard drivers at the Dallas and Paris, Texas locations for hours worked over 40 hours a week, and thus, also bring a collective action claim under the FLSA. *Id.* ¶¶ 91–92; Doc. 50, Pl.'s Mot. Cond. Cert., 2–3, 6.

Plaintiff Clemons filed his original Complaint on February 13, 2017, as the only named Plaintiff, (Doc. 1); however, on May 23, 2018, Edward Houston opted into the lawsuit as a named plaintiff alleging the same FLSA claims, and the two filed their First Amended Complaint (Doc. 60). On April 23, 2018, prior to Houston joining the suit, Clemons moved to conditionally certify his class under the FLSA. Doc. 50, Pl.'s Mot. Cond. Cert. To date, seven additional yard drivers have consented to joining in Plaintiffs' suit. *See* Docs. 23 (Daryl Oudems), 27 (Darrick Gamble), 47 (Lester Carter), 100 (Quintilla Williams), 107 (Robert White), 109 (Dannie Moore); 111 (Kirk White). On June 1, 2018, Defendants filed their joint Response (Doc. 61) in opposition to Plaintiffs' Motion for Conditional Certification, and on June 22, 2018, Clemons along with Houston filed their joint Reply (Doc. 70). Therefore, Plaintiffs' Motion is ripe for this Court's review.

---

[2] In its Motion for Summary Judgment (Doc. 63), ETG argues that it is not Plaintiffs' joint employer. However, the Court declines ruling on the merits of ETG's Motion for Summary Judgment in this Order, thus, this Order applies to both Defendants until a final ruling on ETG's Motion for Summary Judgment is issued. *See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 804 (S.D. Tex. 2010) (holding that "it is not appropriate [at the conditional certification stage of a case] to require [plaintiffs] to produce evidence sufficient to survive summary judgment or to otherwise test the merits beyond the light burden of production to show potential class members are similarly situated.").

## II.

## LEGAL STANDARD

Section 216(b) of the FLSA "authorizes a plaintiff to bring a collective action on behalf of similarly situated persons, provided that any person who desires to become a part of the collective action files a written consent in the court." *Valcho v. Dall. Cty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008). When a plaintiff seeks to bring a collective action, district courts have the discretion to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The FLSA authorizes a plaintiff to bring an action on behalf of similarly situated persons, but the FLSA does not define "similarly situated." And the Fifth Circuit has declined to adopt any specific test to determine when plaintiffs are similarly situated. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 n.1 (5th Cir. 2010). But district courts in the Northern District of Texas have adopted the two-step approach outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), which consists of a notice stage and a decertification stage. *See, e.g., Ecoquij-Tzep v. Hawaiian Grill*, No. 3:16-cv-625-BN, 2017 WL 2672328, at *2 (N.D. Tex. June 21, 2017).

Under the *Lusardi* approach, the first step—the notice stage—requires a preliminary determination, usually based only on the pleadings and submitted affidavits, of whether potential class members are similarly situated to the named plaintiff. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). If they are similarly situated, then the court can conditionally certify the action and authorize notice to potential plaintiffs to opt in, and the suit "proceeds as a representative action throughout discovery." *Id.* at 1214. After discovery is largely complete, the defendant may move for decertification, at which point the court proceeds to the second step—the

decertification stage—and considers again whether the plaintiffs are similarly situated. *Id.* If the court finds that the plaintiffs who opted in are not similarly situated with the named plaintiff, then the class is decertified, the opt-in plaintiffs are dismissed without prejudice, and the original named plaintiff proceeds to trial on his individual claims. *Id.* at 1213–14.

At the notice stage, a court usually has minimal evidence, so "the determination is made using a fairly lenient standard and typically results in conditional certification of a representative class." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012). Courts generally "require nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. A factual basis, however, must exist, and a plaintiff must show some "identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency." *Jones*, 281 F.R.D. at 287. In conducting its analysis, the court has "a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Valcho*, 574 F. Supp. 2d at 622.

Courts do not often engage in the second step—the decertification process—until after "discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Mooney*, 54 F.3d at 1214. But there are circumstances in which courts will skip the first, lenient analysis. If parties have already conducted discovery on the certification issue, courts have less cause for leniency during the "notice" phase and may choose to apply a more stringent standard. *Valcho*, 574 F. Supp. 2d at 622; *Basco v. Wal-Mart Stores, Inc.*, No. Civ.A. 00–3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) ("[I]n light of the substantial discovery that has occurred in this matter, the Court will consider the criteria for both the first and second steps in deciding

whether it should certify [the] matter."); *Pfohl v. Farmers Ins. Grp.*, No. CV03–3080 DT (RCX), 2004 WL 554834, at *3 (C.D. Cal. Mar. 1, 2004) (proceeding directly to the decertification stage because discovery on the issue of certification was complete).

## III.

## ANALYSIS

### A.    *Conditional Certification Standard*

Before deciding whether the yard drivers are similarly situated, the Court first must decide whether to skip the lenient standard and apply the stringent standard because the parties have completed some amount of discovery. *See Mooney*, 54 F.3d at 1214. So far, "the only discovery that has occurred is that Defendants have deposed the Plaintiffs and little written discovery [has taken place]." Doc. 70, Pls.' Reply in Support of Cond. Cert., 4. The Scheduling Order issued by this Court on August 30, 2017, set the deadline for completion of discovery as September 24, 2018. Doc. 33, Sched. Order, 1. Plaintiffs' Motion for Conditional Certification was filed on April 23, 2017, approximately eight months after the parties' Rule 26(f) conference. Doc. 70, Pls.' Reply in Support of Cond. Cert., 3. According to Plaintiffs, "the matter is not ready for trial." *Id.* at 4. However, Defendants contend that fourteen months of discovery have elapsed. Doc. 61, Joint Opp. to Cond. Cert., 17. Plaintiffs argue that discovery did not begin the moment Clemons filed his original complaint, but instead that "discovery did not open in this case until the parties' Rule 26(f) conference . . . ." Doc. 70, Pls.' Reply in Support of Cond. Cert., 3. Additionally, Plaintiffs argue that "the Court should not consider the length of time that discovery has been open, but rather the amount of discovery that has taken place." *Id.*

The correct standard to apply in this case is not immediately clear because the amount of

discovery and the kind of discovery that has been completed fall between that of the cases applying the lenient standard and that of the cases applying the stringent standard. There has been more discovery here than in cases like *Hernandez v. Robert Dering Constr., LLC,*191 F. Supp. 3d 675, 683 (S.D. Tex. 2016), in which the parties took no depositions, and *Williams v. Grayco Cable Servs.*, 187 F. Supp. 3d 760, 766 (S.D. Tex. 2016), in which the parties conducted no discovery before certification. But the amount of discovery in this case falls short of that in cases applying the more stringent standard, such as *Blake v. Hewlett-Packard Co.*, 2013 WL 3753965, at *5 (S.D. Tex. July 11, 2013), in which the parties conducted a handful of depositions and produced "thousands of pages of documents" within five months, and *Parker v. Silverleaf Resorts, Inc.*, 2017 WL 1550522, at *4 (N.D. Tex. May 1, 2017), in which discovery had "been ongoing for 28 months and . . . included responses to interrogatories, requests for admission, 175 requests for production of documents—involving the production of over 6,000 documents—and depositions of the four named Plaintiffs."

The Court finds the lenient standard more appropriate in this case. During discovery the Defendants produced little written discovery and only the Plaintiffs have been deposed. Furthermore, on September 20, 2018, the parties jointly requested in their Motion to Amend Scheduling Order additional time for discovery, arguing that despite over a year-long discovery period, depositions of Defendants' 30(b)(6) corporate representatives and fact witnesses still needed to take place. Doc. 110, Joint Mot. to Am. Sched. Order, 3. Although the parties have conducted some discovery, the Court refuses to apply the more stringent standard because discovery "is [not] largely complete and this matter is [not] ready for trial." *Mooney*, 54 F.3d at 1214. With this paucity of evidence, the Court cannot "'make an educated decision as to whether certifying the matter as a collective action

would survive the decertification process"—discovery is not far along enough to justify skipping the lenient standard. *Parker*, 2017 WL 1550522, at * 6.

B.    *Whether the Yard Drivers are Similarly Situated*

Armed with the more lenient standard, the Court is prepared to decide whether the yard drivers are sufficiently similarly situated to warrant conditional certification. At the first stage in the *Lusardi* analysis, courts will conditionally certify if the plaintiff has made "substantial allegations that the putative class members were together victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. To make this determination, the Court will consider whether "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Jones*, 281 F.R.D. at 287; *McKnight*, 756 F. Supp. 2d at 801. "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Tolentino*, 716 F. Supp. 2d at 650.

1.    Do Aggrieved Individuals Exist?

Plaintiffs have made substantial allegations regarding the existence of aggrieved yard drivers. Three yard drivers, including Clemons and Houston, stated in their declarations that the Defendants failed to pay overtime premiums for hours exceeding forty in a week. Doc. 50, Pl.'s Mot. Cond. Cert., 9. The yard drivers also stated in their declarations that based on having worked at the Dallas and Paris, Texas locations, they know other yard drivers who have been subject to similar pay policies. Doc. 51-1, Clemons Decl., ¶ 5; Doc. 51-2, Gamble Decl., ¶ 25; Doc. 51-3, Houston Decl., ¶ 18. So far, in addition to the two named Plaintiffs in this case, seven additional yard drivers have consented

to joining Plaintiffs' suit. *See* Docs. 23, 27, 47, 100, 107, 109, 111. This evidence sufficiently demonstrates aggrieved individuals exist. *See Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 769 (S.D. Tex. 2015) (granting conditional certification where nine others opted into the named plaintiff's FLSA suit); *Corcione*, 2014 WL 6388039, at *1 (granting conditional certification where three others opted into the named plaintiff's FLSA suit).

Defendants makes several arguments in their Joint Opposition to Conditional Certification briefing that goes to the merits of Plaintiffs' case. Doc. 61, Defs.' Opposition, 10–13. For example, Defendants argue that their yard driving operations are exempt from FLSA compliance through the Motor Carrier Act Exemption. *Id.* at 11. Second, Defendant ETG argues that the absence of an employment relationship between it and Plaintiffs precludes the FLSA's application and conditionally certifying the class. *Id.*

In support of these arguments, Defendants cite to the *Andel* case to argue that a court must first decide whether the FLSA covers each individual Plaintiff before granting conditional certification. *Id.* at 11-12. In *Andel*, the prospective plaintiffs were independent contractors who had different responsibilities and unique schedules, and the employer used varied bookkeeping methods. *Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287, 295 (S.D. Tex. 2012). The plaintiffs' differences led the court to deny conditional certification to avoid "conduct[ing] an individualized analysis of each putative plaintiff before it could be satisfied that each one fell under the auspices of the FLSA." *Id.* at 290. In the case at hand, the parties dispute whether the entire yard driver group falls under the FLSA. But Defendants fail to show variance between plaintiffs and potential opt-in plaintiffs which would require an individualized analysis "contraven[ing] . . . the promotion of judicial economy." *Id.*

Therefore, the Court will not consider Defendants' merit arguments at this time because "it is not appropriate to require [Plaintiffs] to produce evidence sufficient to survive summary judgment or to otherwise test the merits beyond the light burden of production to show potential class members are similarly situated." *McKnight*, 756 F. Supp. 2d at 804. Plaintiffs need not prove their case to show that aggrieved individuals exist.

2.   Are There Aggrieved Individuals who are Similarly Situated to Plaintiffs?

A plaintiff "must demonstrate a reasonable basis for believing that a class of similarly situated persons exists." *Hernandez*, 191 F. Supp. 3d at 683. To make this determination, courts consider both similarity in (1) job requirements and (2) pay provisions. *Id.*; *Mason*, 2015 WL 4481233, at *4. The positions of the employees and the named plaintiff need only be similar, not identical. *Valcho*, 574 F. Supp. 2d at 621. Essentially, a sufficient "factual nexus" must exist between the named plaintiff's situation and that of the proposed class members. *Williams*, 187 F. Supp. 3d at 766.

First, Plaintiffs have demonstrated, and Defendants have not contested, that the proposed class members are similarly situated with respect to their job requirements. Plaintiffs' proposed class consists of hourly-paid yard drivers that were employed by PHB and/or ETG. Doc. 50, Pl.'s Mot. Cond. Cert., 3. Plaintiffs claim that they and the proposed class members "are primarily responsible for using . . . yard trucks . . . to move trailers . . . around warehouse facilities . . . ." *Id.* at 5. While Defendants dispute the scope of a yard driver's duties, they do not argue that individual yard drivers possess varying responsibilities. Without any contrary argument from Defendants, the Court agrees that Plaintiffs and the proposed class members are similarly situated with regard to their job requirements.

Second, with regard to the compensation scheme, "[a] unified plan, policy, or scheme need

not be proved at the notice stage; rather, the existence of a plan or policy is probative evidence that similarly situated plaintiffs exist." *McDonald v. Worldpac, Inc.*, 2015 WL 12753533, at *4 (N.D. Tex. Sept. 8, 2015). But "[e]vidence of similar job duties and a single policy which violates the FLSA is sufficient to find putative class members similarly situated." *Williams*, 187 F. Supp. 3d at 767. If "there is no single decision, policy, or plan that affects the [p]laintiffs, the case will have enormous manageability problems." *Procter v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 281 (N.D. Tex. 2008)(internal quotation marks omitted).

FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice. *Rueda v. Tecon Servs., Inc.*, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011). Yet "geographic commonality is not necessary to satisfy the FLSA collective action's 'similarly situated' requirement" if the employees were impacted by a common policy. *Vargas v. Richardson Trident Co.*, 2010 WL 730155, at *8 (S.D. Tex. Feb. 22, 2010). Accordingly, if there is a reasonable basis to conclude that the same policy applies to multiple locations of a single company, certification is appropriate. *Flowers v. MGTI, LLC*, 2012 WL 1941755, at *4 (S.D. Tex. May 29, 2012).

Plaintiffs assert that the yard drivers working for Defendants are similarly situated because they are hourly paid and Defendants refuse to pay the yard drivers overtime premiums despite "typically scheduling [them] to work over 40 hours in a seven-day workweek." Doc. 50, Pl.'s Mot. Cond. Cert., 11. Plaintiffs further argue that Defendants' payment practices constitute a policy that "fit[s] within the letter and the spirit of the FLSA." *Id.* at 12. Defendants do not dispute whether yard drivers are paid under the same or similar compensation schemes. Instead, Defendants argue that a failure to pay yard drivers overtime pay is not a FLSA violating policy sufficient to justify a

*Hoffman-LaRoche* notice. Doc. 61, Defs.' Resp., 10.

The Court agrees with Plaintiffs. To decide whether potential class members are similarly situated, the Court need only find that the class members possess similar job requirements and compensation structures, not identical ones. *Valcho*, 574 F. Supp. 2d at 621. The potential class members here are similar because they were all hourly paid yard drivers who did not receive overtime pay under the Defendants policy. Plaintiffs have provided a reasonable basis that the yard drivers are similarly situated enough to warrant conditional certification.

### 3.    Are There Similarly Situated Aggrieved Individuals who Want to Opt in to the Lawsuit?

"[A] district court should satisfy itself that there are other employees . . . who desire to 'opt-in.'" *McKnight*, 756 F. Supp. 2d at 805. Other potential plaintiffs' "interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action." *Id.* "Even when a common owner has only a few small locations, there must be at least some minimal showing that employees at other locations are interested in joining the suit." *Id.*

Plaintiffs argue that they do not need to show others' interest in joining the lawsuit because this third element is not required by all courts. Doc. 50, Pl.'s Mot. Cond. Cert., 13. However, this Court and many others in the Fifth Circuit have always required the plaintiff to show that other employees desire to opt in. *See, e.g., Straka v. Methodist Dallas Med. Ctr. Auxiliary*, 2018 WL 1611865, at *3 (N.D. Tex. Apr. 3, 2018) (Boyle, J.).

Another district court faced a similar set of circumstances in *McKnight* in considering whether to conditionally certify employees who worked at six different clubs. *McKnight*, 756 F. Supp. 2d at

797. The named plaintiffs worked at two of the six clubs. *Id.* at 807. Those plaintiffs, however, failed to provide evidence that any employee at one of the other four clubs had an interest in joining the suit. *Id.* Even under the lenient standard, a plaintiff must do more than merely assert that he believes others are interested in joining. *Id.* Because the plaintiffs could not even make a minimal showing that employees at other clubs were interested, the court conditionally certified a class of employees at only the two clubs where the named plaintiffs worked. *Id.*

The Defendants argue that Plaintiffs' belief that other potential plaintiffs nationwide will opt into the class "is not sufficient to meet [Plaintiffs'] burden to show that other yard drivers wish to join this lawsuit." Doc. 61, Defs.' Resp., 18-19. The Court agrees with Defendants. The more recently named Plaintiff, Edward Houston, worked for a short time at Defendants' Paris, Texas location and declared that Defendants administer the same payment policy in its Paris, Texas location as they do in Dallas. Doc. 50, Pl.'s Mot. Cond. Cert., 10. Additionally, two other named individuals, Freeman Harris and Dennis Reynolds, filed lawsuits against PHB and withdrew them based on this suit, "demonstrat[ing] that there is interest in pursuing this claim from yard drivers at locations outside of Dallas." Doc 70, Pl.'s Reply, 10. However, Plaintiffs failed to specify Harris and Reynolds's work location.

As this Court in *Straka* denied certification for an employment location that the plaintiffs failed to mention in their declarations, this Court denies certification to the unmentioned employment location of Harris and Reynolds. *See Straka*, 2018 WL 1611865, at *6. While Plaintiffs have shown interested individuals at the Dallas and Paris, Texas locations, by virtue of having worked at those locations themselves, Plaintiffs' statement that they "believe[] many yard drivers will join" fails to satisfy a minimal showing that employees at other nationwide locations would be

interested in joining the suit. Plaintiffs have not presented this Court with specific employment locations where opt-in plaintiffs or mentioned employees work or worked besides Dallas and Paris, Texas. Thus, the Court **GRANTS** conditional certification with respect to Defendants' Dallas and Paris, Texas locations only.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification, Doc. 50, is **GRANTED** as follows:

1.    The Court **conditionally certifies** this collective action.

2.    The prospective class may include only current and former employees referred to as yard drivers, yard spotters, yard switchers, yard hostlers, and/or yard jockeys employed at Defendants' Dallas and Paris, Texas locations for the past three years from the date of this Order.

3.    The Court **ORDERS** Defendants to produce the full names and current or last known addresses of all individuals falling within the above-defined class (Employee Information). Defendants shall provide the Employee Information in an electronic form that can be used by Plaintiffs in mailing out the notice. If the information is not stored electronically, Defendants shall provide it in written form. Noticing the prospective class by posting at the job site, e-mailing, or text messaging is not allowed.

4.    The Court **ORDERS** Defendants to produce the Employee Information no later than **Friday, October 5, 2018.** If Defendants fail to provide the Employee Information by that date, the statute of limitations will be equitably tolled for each day after October

5, 2018, that Defendants fail to provide the Employee Information.

5. The Court **ORDERS** the parties to confer and submit an agreed Proposed Notice form and an agreed Proposed Consent to Join form no later than **Friday, October 5, 2018.**

6. The opt-in period will last until **60 days** following the date Defendants produce the Employee Information.


**SO ORDERED.**

**SIGNED: September 21, 2018.**


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE