# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMIE CLEMONS and EDWARD HOUSTON, Individually and on behalf of themselves and those similarly situated, | § § § | |
| | § | |
| *Plaintiffs,* | § | CIVIL ACTION NO. 3:17-cv-417-B |
| | § | |
| v. | § | |
| | § | |
| PHB, INC. and E-TRANSPORT GROUP, INC., | § § | |
| | § | |
| *Defendants.* | § | |

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

## TABLE OF CONTENTS

DEFINITIONS.................................................................................................................3
1. Aggregate Individual Settlement Payments ...........................................................3
2. Conditionally Certified Collective .........................................................................3
3. Conditionally Certified Collective Members .........................................................3
4. Consent to Join .......................................................................................................3
5. Defense Counsel .....................................................................................................3
6. Effective Date .........................................................................................................3
7. Gross Settlement Payment ......................................................................................3
8. Individual Settlement Payment ..............................................................................3
9. Litigation ................................................................................................................3
10. Named Plaintiffs ....................................................................................................4
11. Net Settlement Payment .........................................................................................4
12. Notice Form ............................................................................................................4
13. Opt-In Period ..........................................................................................................4
14. Plaintiffs' Counsel ..................................................................................................4
15. Plaintiffs' Counsel's Fees and Costs .....................................................................4
16. Release ....................................................................................................................4
17. Released Claims ......................................................................................................4
18. Released Parties ......................................................................................................4
19. Second-Year Claim .................................................................................................4
20. Service Award .........................................................................................................4
21. Settlement Collective Members ..............................................................................5
22. Settlement Fund ......................................................................................................5
23. Settlement Information ............................................................................................5
24. Settling Parties .......................................................................................................5
25. Taxes and Required Withholdings ..........................................................................5
26. Third-Year Claim ....................................................................................................5
BACKGROUND AND REASON FOR SETTLEMENT ...............................................5
AGREEMENT ................................................................................................................6
1. Settlement Approval ...............................................................................................6
2. Notice and Opt-In Period .......................................................................................6
3. Consideration ..........................................................................................................7
   a. Gross Settlement ..............................................................................................7
   b. Payment to Settlement Collective Members ...................................................7
   c. Plaintiffs' Counsel Fees and Costs .................................................................7
4. Settlement Funding and Distribution .....................................................................7
   a. Payment by PHB and ETG ..............................................................................7
   b. Calculation of Individual Settlement Payment ...............................................8

App. p. 2

    c.  Time for Payment of Class Counsel Fees and Costs ..................................................9

    d.  Time for Payment of Individual Settlement Payment..............................................9

    e.  Non-Cashed Settlement Checks..............................................................................9

    f.  Tax Treatment and Payment ...................................................................................9

5.  Reservation of Rights by ETG and PHB .........................................................................9

6.  General Waiver and Release by Settlement Collective Members ...................................10

7.  Release of Unknown Claims...........................................................................................10

8.  Rights and Claims Excluded from Waiver and Release  ...............................................10

9.  No Admission of Liability  .............................................................................................10

10. Confidentiality ...............................................................................................................10

11. Nullification of Agreement ............................................................................................11

    a.  Non-Approval of the Settlement............................................................................11

    b.  Invalidation ...........................................................................................................11

12. Knowing and Voluntary Waiver.....................................................................................11

13. Nondisparagement .........................................................................................................12

14. Nonassistance.................................................................................................................12

15. ADEA Release Consideration and Revocation Period ...................................................12

16. Miscellaneous.................................................................................................................12

    a.  Choice of Law .......................................................................................................12

    b.  Entire Agreement ..................................................................................................12

    c.  Captions ................................................................................................................12

    d.  Counterparts ..........................................................................................................12

    e.  Facsimile/Email Signatures ..................................................................................12

    f.  Corporate Signatories............................................................................................13

App. p. 3

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by and between, on the one hand, PHB, Inc. ("PHB"), and E-Transport Group, LLC ("ETG"), and, on the other hand, Jimmie Clemons and Edward Houston ("Named Plaintiffs"), on behalf of themselves and the Settlement Collective Members, as defined below. PHB, ETG, and the Settlement Collective Members are collectively referred to as "the Settling Parties." This Agreement is for the benefit of the Settling Parties and the Released Parties defined below.

## DEFINITIONS

**1.** **Aggregate Individual Settlement Payments** means the portion of the Net Settlement Payment available for distribution to Settlement Collective Members as Individual Settlement Payments.

**2.** **Conditionally Certified Collective** means all individuals who worked for PHB as yard drivers, yard spotters, yard switchers, yard hostlers, and/or yard jockeys at PHB's Dallas, Texas location and/or Paris, Texas location between September 21, 2015 and the date of the order approving the Agreement.

**3.** **Conditionally Certified Collective Members** means the Named Plaintiffs and all other individuals who fall within the Conditionally Certified Collective.

**4.** **Consent to Join** means the form filed with the Court, in the form attached hereto as Exhibit B, executed by Settlement Collective Members in which they (i) elect to join as party plaintiffs in the Litigation, (ii) consent to the Named Plaintiffs' representation of their interests in the Litigation, including the Named Plaintiffs' authority to enter into this Agreement on their behalf, and (iii) elect Plaintiffs' Counsel to represent them for purposes of pursuing their FLSA claims against PHB and all other entities or individuals who may be jointly liable with PHB for their claimed damages, including ETG.

**5.** **Defense Counsel** means Scopelitis, Garvin, Light, Hanson & Feary for ETG, and Seyfarth Shaw LLP for PHB.

**6.** **Effective Date** means the date when either (i) the Court approves the Agreement; or (ii) the Court issues an order that no Court approval of the Agreement is necessary.

**7.** **Gross Settlement Payment** means $200,000, which is the amount paid to settle this Litigation, and which is comprised of a $100,000 payment from ETG and a $100,000 payment from PHB. In no event shall either PHB or ETG be required to pay more than their respective $100,000 share of the Gross Settlement Payment.

**8.** **Individual Settlement Payment** means the amount an individual Settlement Collective Member will receive based on the formula set forth in Section 4(b).

**9.** **Litigation** means the case filed in the United States District Court for the Northern District of Texas, Dallas Division, originally captioned *Jimmie Clemons, et al. v. PHB, Inc., Robert W. Browning, Pamela H. Browning, and E-Transport Group, Inc.*, Case No. 3:17-cv-417.

App. p. 4

**10.** <u>Named Plaintiffs</u> means the named plaintiffs in the Litigation, Jimmie Clemons and Edward Houston.

**11.** <u>Net Settlement Payment</u> means the amount of the Gross Settlement Payment remaining after payments are made for Plaintiffs' Counsel's Fees and Costs, the Named Plaintiffs' Service Awards, and any escrow account fees.

**12.** <u>Notice Form</u> means the Notice of Collective Action Settlement sent to the Conditionally Certified Collective Members, in the form attached hereto as <u>Exhibit A</u>

**13.** <u>Opt-In Period</u> means the period commencing on the day a Notice Form, a Consent to Join, a Release, and any necessary tax forms are sent to a Conditionally Certified Collective Member and ending 45 calendar days subsequent thereto.

**14.** <u>Plaintiffs' Counsel</u> means Baron & Budd P.C.

**15.** <u>Plaintiffs' Counsel's Fees and Costs</u> means Plaintiffs' Counsel's fees, costs, and expenses as set forth in Section 3(c).

**16.** <u>Release</u> means the form attached hereto as <u>Exhibit C</u> entitled *Release*, to be executed by Settlement Collective Members, and by which they waive, release, and discharge the Released Parties from the Released Claims.

**17.** <u>Released Claims</u> means any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that any Settlement Collective Member may have against any or all of the Released Parties arising out of their employment with PHB or their alleged employment with ETG, the termination of their employment, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the date on which the Settlement Collective Member signs the Release, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise.

**18.** <u>Released Parties</u> means PHB, ETG, and their present and former parent and subsidiary companies (regardless of tier), sister companies, parts, divisions, and related or affiliated companies, parts, divisions, and operating units, and all such entities' shareholders, owners, officers, directors, employees, managers, agents, attorneys, insurers, investors, representatives, licensees, predecessors, successors, and assigns, and any individual or entity which could be jointly liable with PHB or ETG and their counsel of record.

**19.** <u>Second-Year Claim</u> means a claim made by a Settlement Collective Member who is eligible for an Individual Settlement Payment and who worked for PHB between September 21, 2016 and and the date the Court approves the Confidential Settlement and Release Agreement.

**20.** <u>Service Award</u> shall mean any monetary payment provided to the Named Plaintiffs in the amount of $2,000.00 each, in addition to their respective Individual Settlement Payments, for their efforts on behalf of the Conditionally Certified Collective Members.

App. p. 5

**21.** <u>Settlement Collective Members</u> means Conditionally Certified Collective Members who timely submit a completed Consent to Join, a completed Release, and completed copies of any necessary tax forms.

**22.** <u>Settlement Fund</u> means a separate escrow fund created and maintained by PHB into which PHB and ETG will deposit their respective $100,000 portions of the Gross Settlement Payment and out of which PHB will issue Individual Settlement Payments, pay the Plaintiffs' Counsel Fees and Costs, pay Taxes and Required Withholdings, and make payments of the Service Awards.

**23.** <u>Settlement Information</u> means the information Plaintiffs' Counsel will provide to PHB and ETG in order for PHB to be able to issue the Individual Settlement Payments. This information includes (i) a list of each Settlement Collective Member's Individual Settlement Payment amount, (ii) a completed Form W-9 for Plaintiffs' Counsel, and (iii) completed Forms W-4 and W-9 for each Settlement Collective Member.

**24.** <u>Settling Parties</u> means PHB, ETG, and the Settlement Collective Members.

**25.** <u>Taxes and Required Withholdings</u> means the employee's portion of any and all applicable federal, state, or local payroll taxes including those collected under authority of the Federal Insurance Contributions Act ("FICA") on the portion of any Individual Settlement Payment that constitutes wages as set forth in Section 4(b)(4).

**26.** <u>Third-Year Claim</u> means a claim made by a Settlement Collective Member who is eligible for an Individual Settlement Payment, who worked for PHB between September 21, 2015 and September 20, 2016, and who did not work for PHB between September 21, 2016 and the date the Court approves the Confidential Settlement and Release Agreement.

## BACKGROUND AND REASON FOR SETTLEMENT

**1.** Plaintiff Jimmie Clemons filed this Litigation alleging PHB, ETG, and two individual defendants failed to pay Clemons and other drivers a premium wage for hours worked in excess of 40 per week thereby denying Clemons and other drivers proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

**2.** On May 23, 2018, Edward Houston joined Clemons as a plaintiff in the Litigation and they filed a First Amended Complaint, in which they voluntarily dismissed the claims against the individual defendants named in the original Complaint.

**3.** In addition to the Named Plaintiffs, Daryl Oudems, Darrick Gamble, Lester Carter, Adrian Jones, Quintilla Williams, Robert White, Dannie Moore, Kirk White, Jesse Baty, Jr., Michael Arbor, Jerome L. Rice, Johnathon Hooper, and Mark Blanton filed notices of their Consent to Join the Litigation as putative opt-in plaintiffs;

**4.** On September 21, 2018, the Court granted, in part, the Named Plaintiffs' motion for conditional certification of an FLSA collective action covering "current and former employees, referred to as yard drivers, yard spotters, yard switchers, yard hostlers, and/or yard jockeys

App. p. 6

employed at PHB's Dallas, Texas location and/or Paris, Texas location for the past three years from the date of the Court's September 21, 2018 Order (ECF No. 112).

5.    PHB and ETG have denied, and continue to deny, all liability and damages of any kind with respect to the alleged facts or causes of action asserted in the Litigation. PHB and ETG contend they complied in good faith with the laws under which the Litigation was brought, including the FLSA. They further deny that, for any purpose other than settling this Litigation, the claims are appropriate for collective action treatment or that ETG employed any of the Conditionally Certified Collective Members or the drivers with whom they purport to be similarly situated. Nonetheless, PHB and ETG have concluded that further prosecution and defense of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement in order to dispose of burdensome and protracted litigation along with permitting the operation of PHB and ETG's respective businesses without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Litigation.

## AGREEMENT

1.    **Settlement Approval.** The Settling Parties agree to submit this Agreement to the Court for approval. Plaintiffs' Counsel shall file an Unopposed Motion for Approval of the Settlement and Attorneys' Fees and Costs ("Motion"). With the Motion, Plaintiffs' Counsel will submit an agreed-to proposed final order ("Proposed Order"): (a) approving the Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; (b) approving the request for payment of Plaintiffs' Counsel Fees and Costs; and (c) approving the Notice Form, Consent to Join, and Release to be mailed to the Conditionally Certified Collective Members.

2.    **Notice and Opt-In Period.** Within 7 business days of the date of Court approval of this Agreement, PHB will provide to Plaintiffs' Counsel a list containing the names, dates of employment, last known contact information, and last four digits of the Social Security Number for each Conditionally Certified Collective Member. Within 14 calendar days of receipt of this information, Plaintiffs' Counsel shall mail to each Conditionally Certified Collective Member a Notice Form (in the form attached hereto as Exhibit A), a Consent to Join (in the form attached hereto as Exhibit B), a Release (in the form attached hereto as Exhibit C), and W-4 and W-9 tax forms. Conditionally Certified Collective Members shall have until the close of the Opt-In Period (45 calendar days following the date on which the Notice Form, Consent to Join, and Release are mailed to the Conditionally Certified Collective Member) to return or postmark the executed Consent to Join, Release, and completed tax forms. Only Conditionally Certified Collective Members who return or postmark a properly executed Consent to Join and Release on or before the close of the Opt-In Period will be eligible for an Individual Settlement Payment. No later than 7 calendar days after the close of the Opt-In Period, Plaintiffs' Counsel shall file with the Court all Consents to Join executed by Conditionally Certified Collective Members and will provide copies of the signed Releases to PHB and ETG. Conditionally Certified Collective Members may return the completed Consent to Join, Release, tax forms via email, fax, or mail, as described in the Notice Form.

App. p. 7

### 3.   Consideration.

**a.   Gross Settlement.** In exchange for the promises made by and in consideration for all the terms agreed to by the Named Plaintiffs on behalf of all Conditionally Certified Collective Members in this Agreement, PHB and ETG agree to pay the Gross Settlement Payment amount of $200,000.00. The Gross Settlement Payment shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (a) the Released Claims, (b) the Plaintiffs' Counsel Fees and Costs, (c) the Aggregate Individual Settlement Payments, (d) the Service Awards, and (e) any other obligation of PHB or ETG under this Settlement. Under no circumstance will ETG or PHB be obligated to pay any more than their respective $100,000 contributions towards the Gross Settlement Payment for any reason whatsoever related to or under this Settlement.

**b.   Payment to Settlement Collective Members.** Each Conditionally Certified Collective Member shall be eligible to receive payment of an Individual Settlement Payment, which is a share of the Net Settlement Payment made available for distribution to Settlement Collective Members. The Individual Settlement Payment for each Settlement Collective Member shall be calculated in accordance with Section 4(b). Each Settlement Collective Member shall be responsible for the payment of any and all taxes with respect to his or her portion of the Individual Settlement Payment and shall hold PHB and ETG harmless from any and all liability with regard thereto except for those taxes pursuant to Section 4(b)(4).

**c.   Plaintiffs' Counsel Fees and Costs.** As part of the Motion, Plaintiffs' Counsel may submit, and neither PHB nor ETG will not object to, an application for an award of Plaintiffs' Counsel Fees and Costs not to exceed $87,000. Any Plaintiffs' Counsel Fees and Expenses awarded by the Court shall be paid from the Gross Settlement Payment in arriving at the Net Settlement Payment and shall not constitute payment to any Settlement Collective Members. If Plaintiffs' Counsel voluntarily reduces the request for Plaintiffs' Counsel Fees and Expenses or the Court's award of Plaintiffs' Counsel Fees or Expenses is less than set forth above, the difference in the reduction will be added to the Aggregate Individual Settlement Payment. Plaintiffs' Counsel agrees that they shall not seek fees or costs to compensate them for the representation of Plaintiffs in this Litigation except as provided in this Section 3(c).

The Plaintiffs' Counsel Fees and Expenses approved by the Court shall encompass: (a) all work performed and costs and expenses incurred by, or at the direction of, any attorney purporting to represent the Conditionally Certified Collective Members through the date on which administration of all settlement payments is completed; (b) all work to be performed and costs and expenses incurred, if any, in connection with approval and administration of the settlement. Plaintiffs' Counsel Fees and Costs do not include attorneys' fees, costs, or expenses, if any, incurred should a Settling Party seek enforcement of the Agreement by the Court due to another Settling Party's breach of the Agreement.

### 4.   Settlement Funding and Distribution

**a.   Payment by PHB and ETG.** Within 7 business days after the Opt-in Period closes for each Settlement Collective Member, PHB and ETG will each deposit $100,000 in an escrow fund agreed to by the Settling Parties to pay (i) the Class Counsel Fees and Expenses, (ii) Service

Page 7 of 15

Awards, (iii) the Aggregate Individual Settlement Payments, (iv) the employees' portion of the Taxes and Required Withholding associated with the Individual Settlement Payments, and (v) any escrow fund fees.

 **b.** <u>Calculation of Individual Settlement Payment.</u> The Individual Settlement Payment paid to each Settlement Collective Member shall be paid from the Net Settlement Payment. Calculations used to determine each Individual Settlement Payment are as follows:

  **1.** Each Settlement Collective Member who did not work overtime during the relevant statutory period, according to the time and pay records maintained by PHB, will receive an Aggregate Individual Settlement Payment in the amount of $50.00.

  **2.** Each Settlement Collective Member who has a Third-Year Claim, but does not have a Second-Year Claim, will receive an Aggregate Individual Settlement Payment in the amount of $100.00.

  **3.** Each Settlement Collective Member with a Second-Year Claim will receive a pro-rated amount based on his/her hours worked and hourly rate(s) of pay as provided in this Section 4(b)(3). The pro-rated Individual Settlement Payments will be calculated as follows. First, Plaintiffs' Counsel will calculate the Net Settlement Amount. Second, Plaintiffs' Counsel will deduct from the Net Settlement Amount the amounts payable to Settlement Collective Members who did not work overtime during the relevant statutory period, according to the time and pay records maintained by PHB. Third, Plaintiffs' Counsel will deduct from the Net Settlement Amount the amounts payable to Settlement Collective Members with Third-Year Claims. The total amount remaining will be referred to as the "Remaining Funds." Fourth, Plaintiffs' Counsel will utilize the following formula to determine the Individual Settlement Payments to be allocated from the Remaining Funds to Settlement Collective Members with Second-Year Claims: (i) Plaintiffs' Counsel will total the actual alleged back wage damages for the Settlement Collective Members with Second-Year Claims ("Total Back Wage Damages"); (ii) Plaintiffs' Counsel will then divide the actual alleged back wage damages for each Settlement Collective Member with a Second-Year Claim by the Total Back Wage Damages resulting in a 2-digit percentage; and (iii) Plaintiffs' Counsel will multiply the 2-digit percentage assigned to each Settlement Collective Member with a Second-Year Claim by the Remaining Funds which will produce the Individual Settlement Payment for each Settlement Collective Member with a Second-Year Claim.

  **4.** <u>Tax Treatment and Payment.</u> Fifty percent (50%) of each Individual Settlement Payment paid to a Settlement Collective Member under this Agreement shall be reported as wages to the appropriate taxing authorities on a Form W-2 issued to the Settlement Collective Member with his or her taxpayer identification number and shall be subject to deductions for applicable taxes and withholdings as required by federal, state, and local law. The remaining fifty percent (50%) of each Individual Settlement Payment paid to a Settlement Collective Member will be allocated to liquidated damages, interest, and/or penalties and reported as non-wage income to the appropriate taxing authorities on a Form 1099 issued to the Settlement Collective Member. ETG under no circumstance will be responsible for payroll taxes. Prior to sending the Individual Settlement Payment checks, PHB shall calculate the Taxes and Required Withholding due for each Settlement Collective Member and the employee's portion of each such amount will be paid from the taxable portion of each Settlement Collective Member's Individual

App. p. 9

Settlement Payment. PHB shall be responsible for the employer's portion of any applicable payroll taxes, including those collected under authority of FICA, which will not be paid out of the Gross Settlement Amount. The Parties understand that the Settlement Collective Members who receive any payment pursuant to this Settlement shall be solely responsible for any and all individual tax obligations associated with this Settlement other than those explicitly allocated to PHB herein.

    **c.**  **Time for Payment of Class Counsel Fees and Costs.** Plaintiffs' Counsel is entitled to the Plaintiffs' Counsel's Fees and Costs approved by the Court immediately upon PHB and ETG depositing the Gross Settlement Payment, in accordance with Section 4(a) of this Agreement.

    **d.**  **Time for Payment of Individual Settlement Payment.** Within 7 calendar days of the close of the opt-in period, Plaintiffs' Counsel will provide to PHB a list of the names of the Settlement Collective Members. No later than 7 calendar days after receiving said names, PHB will provide to Plaintiffs' Counsel the unique identifiers associated with each name which were used in disclosing wage and hour data during the parties settlement negotiations. In addition, PHB will notify Plaintiffs' Counsel of those Settlement Collective Members who only have Third-Year Claims. No later than 7 calendar days after receiving the foregoing information, Plaintiffs' Counsel will provide the Settlement Information to ETG and PHB and will file a motion to dismiss the Litigation with prejudice. PHB will mail Individual Settlement Payments to each Settlement Collective Member, by first-class U.S. mail, to the last-known address no later than 14 business days after the Litigation is dismissed with prejudice. PHB will provide Plaintiffs' Counsel copies of checks distributed to the Settlement Collective Members.

    In the event that any Settlement Collective Member is deceased, payment shall be made payable to the estate of that Settlement Collective Member and delivered to the executor or administrator of that estate.

    **e.**  **Non-Cashed Settlement Checks.** Each Settlement Collective Member must cash his or her Individual Settlement Payment check within 90 days after it is mailed to him or her. If a check is returned to Plaintiffs' Counsel, Plaintiffs' Counsel will make all reasonable efforts to re-mail it to the Settlement Collective Member at his or her correct address. If any Settlement Collective Member's Individual Settlement Payment check is not cashed within 90 days after it is mailed or re-mailed, whichever is later, Plaintiffs' Counsel will send the Settlement Collective Member a letter informing him or her that, unless the check is cashed within 30 days of the date of the letter, it will expire and become non-negotiable and offering to replace the check if it was lost or misplaced, but not cashed. If the check remains uncashed by the expiration of the 30-day period after this notice, Plaintiffs' Counsel will send the funds to the unclaimed property fund for the Settlement Collective Member's last known state of address.

    **5.**  **Reservation of Rights by ETG and PHB.** ETG expressly reserves and does not waive its right to pursue a claim of indemnification against PHB or otherwise seek repayment from PHB for up to $95,000.00 of the sum ETG pays towards the Gross Settlement Payment. ETG agrees that $5,000.00 of the sum ETG pays towards the Gross Settlement Payment is unencumbered and not subject to any claim by ETG that PHB should indemnify or repay ETG for all or part of any amount ETG pays under the terms of this Agreement. PHB does not admit or agree that it is required to indemnify or repay ETG for any amount ETG pays under the terms of this Agreement. PHB expressly reserves any and all claims or counterclaims it may have against ETG and any

App. p. 10

defenses it may have to any indemnification claims or other claims for repayment that ETG may pursue against PHB.

      **6.**   <u>General Waiver and Release by Settlement Collective Members.</u> In exchange for the payment set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Settlement Collective Members fully and completely waive, release, and forever discharge the Released Parties from any and all of the Released Claims, as defined herein. It is agreed that, for purposes of seeking approval of the Settlement, this Agreement may be executed on behalf of the Settlement Collective Members by the Named Plaintiffs. Regardless of whether any Settlement Collective Member actually negotiates the check by which his or her distribution is to be paid, each Settlement Collective Member will be bound to the release of Released Claims as a result of this Agreement.

      **7.**   <u>Release of Unknown Claims.</u> For the purpose of implementing a full and complete release, the Settlement Collective Members expressly acknowledge that the release they give in this Agreement is intended to include in its effect, without limitation, claims that they did not know or suspect to exist at the time of execution hereof, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any such unknown claims.

      **8.**   <u>Rights and Claims Excluded from Waiver and Release.</u> This Agreement does not waive any rights that cannot be waived by law. The Settlement Collective Members are waiving, however, any right to recover money in connection with any lawsuit or agency charge or investigation pertaining to any Settlement Collective Member's employment period(s) with PHB or alleged employment period(s) with ETG. They are also waiving any right to recover money in connection with a charge or lawsuit filed by any other individual (including any class, collective, or representative action), by the EEOC, or by any other city, local, state, or federal government agency pertaining to any Settlement Collective Member's employment period with PHB or alleged employment period(s) with ETG.

      **9.**   <u>No Admission of Liability.</u> The Settling Parties agree and acknowledge that this Agreement is the result of a compromise and that the Released Parties do not admit any allegations made against them in any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands, including the Litigation. Nothing contained in this Agreement, nor any of the acts taken hereunder, shall be deemed or construed as an admission of liability, responsibility, wrongdoing, or violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

      **10.**  <u>Confidentiality.</u> The Settlement Collective Members and Plaintiffs' Counsel agree that they shall keep strictly confidential the Agreement terms, the circumstances underlying and giving rise to the Gross Settlement Payment amount, any Individual Settlement Payment amounts, and any portions thereof, and all other terms and provisions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of this Agreement. The Settlement Collective Members and Plaintiffs' Counsel shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, advertise, publish, or in any other manner communicate to or with any other person or entity, any of the

foregoing, except to said Settlement Collective Member's or Plaintiffs' Counsel's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law. For example, neither the Settlement Collective Members nor Plaintiffs' Counsel shall post or otherwise publicize information related to this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

In response to any inquiries from anyone other than those listed herein regarding the terms and provisions of and circumstances leading up to the execution of this Agreement, the Settlement Collective Members and Plaintiffs' Counsel will simply state, "the matter has been resolved" and will make no other comment. This provision shall not apply in the event any Settlement Collective Member is served with a subpoena or other legal process compelling said Settlement Collective Member's testimony. Nothing in this provision, however, prevents a Settlement Collective Member from discussing the fact that he was employed by PHB, his duties or salary, or the identity of his supervisors during his employment with PHB for purposes of seeking other employment.

The Settlement Collective Members and Plaintiffs' Counsel also agree that, if they violate this Section, they have breached this Agreement, and PHB and ETG will be irreparably harmed as matter of law by such a breach, and the Court may enter a judgment for damages and grant an injunction to cease and desist from conduct that violates this Section and award to the prevailing party reasonable attorneys' fees and costs associated with the hearing of the request for damages and injunctive relief.

### 11.  Nullification of Agreement.

**a.  Non-Approval of the Settlement**. If: (a) the Court refuses to approve the Agreement; (b) the Court does not enter a dismissal with prejudice of the Litigation; or (c) the Court's approval of the Agreement or dismissal with prejudice of the Litigation is reversed, modified, or declared or rendered void, the Settling Parties agree that they will work together in good faith to attempt to cure any perceived defects in the Agreement or the administration of the settlement that would allow them to gain Court approval of the Agreement and dismissal of the Litigation with prejudice. If, however, the Settling Parties' good faith attempt to cure are unsuccessful, and they are unable to obtain Court approval of the Agreement, including all of its material terms, and dismissal of the Litigation with prejudice, then the Agreement shall be considered void, and neither the Agreement nor any of the related negotiations or proceedings, shall be of any force or effect, and all parties to the Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.

**b.  Invalidation**. Invalidation of any material portion of the Agreement shall invalidate the Agreement in its entirety, unless the Settling Parties shall subsequently agree in writing that the remaining provisions of the Agreement are to remain in full force and effect.

### 12.  Knowing and Voluntary Waiver.  The Settling Parties acknowledge and agree that they are and have been represented by legal counsel throughout the Litigation, and that they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Settling Parties have not relied on

App. p. 12

any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**13.    Nondisparagement.** The Settlement Collective Members agree that they will not make any statements, either oral or written, or take any other actions that disparage or reflect negatively on the Released Parties, except as required by court order or otherwise by law.

**14.    Nonassistance.** The Settlement Collective Members agree that they will not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against the Released Parties, except as required by court order or otherwise by law.

**15.    ADEA Release Consideration and Revocation Period.** The Settlement Collective Members understand that they may take up to 21 days to consider whether or not they desire to release any Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA") claims they may have by entering into this Agreement. They further understand and acknowledge that they have seven days after acceptance and execution of this Agreement to revoke this Agreement only as it pertains to their ADEA claims. Should a Settlement Collective Member choose to revoke his or her acceptance and execution of this Agreement as to any ADEA claims within that period, that Settlement Collective Member must submit such revocation in writing to Plaintiffs' Counsel, prior to the expiration of the seven-day period. Should a Settlement Collective Member revoke consent to release his or her ADEA claims, Plaintiffs' Counsel shall notify PHB's counsel and ETG's counsel of the revocation prior to the expiration of the seven-day period. After such seven-day period, this Agreement's release of any ADEA claims will be irrevocable.

**16.    Miscellaneous.**

**a.    Choice of Law.** The enforcement of this Agreement shall be governed by and interpreted under the laws of the State of Texas, excluding any choice of law rules, regardless of whether any of the Parties is, or may hereafter be, a resident of another state.

**b.    Entire Agreement.** Except as provided herein, this Agreement constitutes the entire agreement of the Settling Parties concerning the subjects addressed in this Agreement. This Agreement may not be changed or altered, except in writing, signed by the Named Plaintiffs—on their own behalf and on behalf of the Settlement Class Members—PHB, and ETG.

**c.    Captions.** The captions or headings of the sections of this Agreement have been inserted for convenience only and shall have no effect on the construction or interpretation of any part of this Agreement.

**d.    Counterparts.** The Settling Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Settling Parties had signed a single instrument.

**e.    Facsimile/Email Signatures.** Execution delivered by facsimile or electronic mail to the Settling Parties' counsel of record shall be deemed effective as if executed in original.

**f.** <u>Corporate Signatories</u>. Each person executing this Agreement, including execution on behalf of PHB and ETG, warrants and represents that such person has the authority to do so.

**[SIGNATURES ON FOLLOWING PAGES]**

DocuSign Envelope ID: A771C26C-5E04-41D9-8586-2AE9311A6B39

Dated: Dec-13-2018 _____

**JIMMIE CLEMONS**
**Named Plaintiff**

DocuSigned by:

_____
74BE0AB1B5634A6...

**EDWARD HOUSTON**
**Named Plaintiff**

Dated: _____

_____

**E-TRANSPORT GROUP, LLC**

Dated: _____

_____

By: _____

Title: _____

**PHB, INC.**

Dated: _____

_____

By: _____

Title: _____

14 of 15

Dated:_____

**JIMMIE CLEMONS**
**Named Plaintiff**

_____

Dated: _12 -13-2018_

**EDWARD HOUSTON**
**Named Plaintiff**

_Edward Houston_

**E-TRANSPORT GROUP, LLC**

Dated:_____

_____

By: _____

Title:_____

**PHB, INC.**

Dated:_____

_____

By: _____

Title:_____

Dated:_____

**JIMMIE CLEMONS**
**Named Plaintiff**

_____

Dated:_____

**EDWARD HOUSTON**
**Named Plaintiff**

_____

Dated: 12-13-2018

**E-TRANSPORT GROUP, LLC**

JOHN JACOBI

By: _____

Title: GFO

**PHB, INC.**

_____

Dated:_____

By: _____

Title:_____

14 of 15

Dated:_____

**JIMMIE CLEMONS**
**Named Plaintiff**

_____

Dated:_____

**EDWARD HOUSTON**
**Named Plaintiff**

_____

Dated:_____

**E-TRANSPORT GROUP, LLC**

_____

By: _____

Title:_____

Dated:12/14/2018

**PHB, INC.**

By: Robert W. Browning

Title: President

Page 14 of 15

**APPROVED AS TO FORM**

Dated: 12-14-2018

SCOPELITIS GARVIN LIGHT HANSON &
FEARY, P.C.

James T. Spolyar
Attorneys for Defendant,
E-Transport Group, LLC

**SEYFARTH SHAW LLP**

Dated:_____

Brett C. Bartlett
Attorneys for Defendant, PHB, Inc.

**BARON & BUDD, P.C.**

Dated:_____

By:_____
Attorneys for Settlement Collective Members

4849-1197-2226, v. 7

App. p. 19

**APPROVED AS TO FORM**

Dated:_____

Dated: 12/14/2018 _____

Dated:_____

4849-1197-2226, v. 7

**SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**

_____
James T. Spolyar
Attorneys for Defendant,
E-Transport Group, LLC

**SEYFARTH SHAW LLP**

_____
Brett C. Bartlett
Attorneys for Defendant, PHB, Inc.

**BARON & BUDD, P.C.**

_____

By:_____
Attorneys for Settlement Collective Members

Page 15 of 15

**APPROVED AS TO FORM**

Dated:_____

**SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**

_____

James T. Spolyar
Attorneys for Defendant,
E-Transport Group, LLC

**SEYFARTH SHAW LLP**

Dated:_____

_____

Brett C. Bartlett
Attorneys for Defendant, PHB, Inc.

**BARON & BUDD, P.C.**

_____

By: Rebecca Currier
Attorneys for Settlement Collective Members

Dated: 12/14/2018

Page 15 of 15

# EXHIBIT A

## NOTICE OF COLLECTIVE ACTION LAWSUIT AND SETTLEMENT

**_A federal court authorized this notice.  This is not a solicitation from a lawyer._**

This lawsuit affects yard drivers, yard spotters, yard switchers, yard hostlers, and/or yard jockeys at locations in Dallas, Texas and Paris, Texas who were employed by PHB, Inc. ("PHB") and alleged to be employed by E-Transport Group, LLC ("ETG"), from September 21, 2015 to [date of Court approval of the Agreement].

**The Court has not decided who is right or wrong in this lawsuit.**
**A Settlement has been reached in this lawsuit.**

### 1.      Why did I get this notice?

This Notice is to tell you about a collective action lawsuit against PHB and ETG that may affect your potential rights to back earned wages and other damages under federal law. The name of the lawsuit is _Jimmie Clemons and Edward Houston, on behalf of themselves and all others similarly situated v. PHB, Inc. and E-Transport Group, Inc.,_ Civil Action No. 3:17-cv-417-B pending in the United States District Court for the Northern District of Texas, Dallas Division.

You have legal rights and options that you may exercise. **Therefore, the Court has ordered that this notice be sent to you to explain what the lawsuit is about so that you can decide whether to opt-in (join the lawsuit) and obtain benefits under the Settlement.**

A lawsuit has been filed on behalf of yard drivers, yard spotters, yard switchers, yard hostlers, and/or yard jockeys employed by PHB, and alleged to be employed by ETG, at locations in Dallas, Texas and Paris, Texas. The lawsuit alleges that the Defendants did not pay all overtime wages owed under the Federal Fair Labor Standards Act. Plaintiffs believe that PHB and ETG owe back overtime pay, liquidated damages (equal to back overtime pay), and legal fees, expenses and costs for failing to pay all overtime wages earned and owed.

**PHB and ETG deny Plaintiffs' allegations and contend that no back compensation and damages are owed to the Plaintiffs.**

### 2.      How do I join (opt-into) the overtime lawsuit?

If you fit the definition at the top of this notice, you may join this lawsuit as a collective action plaintiff, obtain benefits under the Settlement, and be represented by the Named Plaintiffs in this lawsuit. You can join by mailing, faxing, or emailing the enclosed "**Consent to Join**" form, the enclosed "**Release**", and the enclosed **W-4 and W-9** forms to the Plaintiffs' attorneys **before the deadline of [45 days from notice]**.  Plaintiffs' attorneys **must receive all forms** for you to join in the lawsuit and receive benefits under the Settlement.

> **Your forms must be received (or, if mailed, postmarked) on or before [45 days from notice]. You can mail in your completed forms, fax them to 214-520-1181, or email them to lvelasquez@baronbudd.com.**

For questions, call toll-free 1 (800) 222-2766

- 1 -

## 3.     What happens if I join the overtime lawsuit?

<u>If you submit the **"Consent to Join" form, the "Release", the W-4 form, and the W-9 form**</u>: It is entirely your decision whether to join this lawsuit and receive benefits under the Settlement. If you choose to join, you will be represented by the Named Plaintiffs and their lawyers, who will make decisions and agreements on your behalf concerning the lawsuit. The Plaintiffs' attorneys will not charge you directly for their work. The Settlement provides for payment of Plaintiffs' attorneys' fees, expenses and costs.

If you join, you cannot bring a separate lawsuit seeking overtime pay against the Defendants. It is important you are aware that if you do not join your claims may be time barred by the applicable statute of limitations.

The W-4 and W-9 forms will be kept confidential and are requested only for tax purposes. The forms will be provided to PHB to process monetary payments pursuant to the Settlement.

## 4.     What happens if I do nothing?

<u>If you do nothing (i.e., do not submit the "Consent to Join" form and "Release")</u>:  You will not be a part of the lawsuit and you will not receive benefits under the Settlement.

## 5.     What are the Terms of the Settlement?

The Settlement provides for monetary payment to those who join the lawsuit. It also provides for payment of approximately $85,000 in attorneys' fees, expenses, and costs, and service awards of $2,000 each to the Named Plaintiffs for their contributions to the collective action. The Gross Settlement Payment is $200,000.00.

Further, the Settlement provides for a release of claims. **As a condition of receiving monetary payment under the Settlement**, you must sign and return the Release. The Release covers all known and unknown claims associated with your employment with PHB and your alleged employment with ETG. **It also includes a revocation period pertaining only to your Age Discrimination in Employment Act claims (ADEA).** It is important that you read the enclosed Release in its entirety, as you will be bound by its terms upon signature and return of the Release.

The Settlement is also confidential. **As a condition of receiving monetary payment under the Settlement,** the fact that Defendants are paying money, the amount of any payments under the Settlement, and all **terms of the Settlement may not be disclosed. Disclosure of such terms is a breach of the Settlement and a Court may enter a judgment for damages against you** and grant an injunction to cease and desist from that conduct. You may not post anything pertaining to the Settlement on social media. In response to any inquiries from anyone about the Settlement you may simply respond "the matter has been resolved" and make no other comment. You may disclose the terms of the Settlement to your spouse, accountants, attorneys and tax advisors on the condition that they agree to keep the Settlement confidential. You may also disclose the terms of the Settlement as required by a Court of law.

For questions, call toll-free 1 (800) 222-2766

- 2 -

## 6.    How Would My Share of the Settlement be Calculated?

Settlement payments will be calculated based on PHB's wage and time records. Those who join the lawsuit will receive payment as follows:

a)  If, based on PHB's records, you did not work over forty hours in any workweek from September 21, 2015 to [date Court approves Agreement], you will receive $50.00;

b)  If you worked more than forty hours in any workweek from September 21, 2015 to September 20, 2016 and did not work over forty hours in any workweek from September 21, 2016 to [date Court approves Agreement], or were not employed by PHB during this time, you will receive $100.00;

c)  If you worked over forty hours in any workweek from September 21, 2016 to [date Court approves Agreement], you would receive a pro-rata amount of the Gross Settlement Payment based on your actual hours worked over forty each workweek and your hourly pay rate. The amount you will receive will be calculated by: (1) subtracting from the Gross Settlement Payment the attorneys' fees, expenses, costs, service awards, and all payments to those receiving $50.00 or $100.00 pursuant to the preceding paragraphs ("Remaining Settlement Funds"); (2) calculating the sum of the actual alleged back wages of those all who have opted-in who worked during the time period of September 21, 2016 to [date Court approves Agreement], ("Actual Back Wage Total"); (3) dividing the actual potential back wages owed individually to you by the Actual Back Wage Total to produce a two-digit percentage; and (4) multiplying your two-digit percentage by the Remaining Settlement Funds.

**Will I Owe Any Taxes?**
Fifty percent (50%) of the amount you receive will be wage income and subject to normal payroll tax withholding and W-2 reporting. The employee share of the payroll tax withholdings will be deducted from your settlement check prior to distribution. The other half of your recovery (50%) will be deemed non-wage income. Deductions will not be taken out of this part of the amount you receive. However, it will be reported on a Form 1099 that you will receive for 2019 tax year. If you have questions about the tax consequences of the payment to you, you should consult with an accountant or other tax advisor.

## 7.    Who will represent me if I join the lawsuit?

If you join this suit you will be represented by the Named Plaintiffs through their attorneys:

**Allen R. Vaught**
**Baron & Budd, P.C.**
3102 Oak Lawn Avenue, Suite 1100, Dallas, TX 75219
Telephone:  (800)-222-2766
Fax:  (214) 520-1181
E-Mail: lvelazquez@baronbudd.com

**REMINDER**: To join the lawsuit and receive benefits under the Settlement, you must return a completed **Consent to Join form, Release, W-4 form, and W-9 form** <u>on or before [45 days from notice]</u>. You can mail in your completed forms, fax them to 214-520-1181 or email them to lvelasquez@baronbudd.com.

For questions, call toll-free 1 (800) 222-2766

- 3 -

App. p. 25

# EXHIBIT B

## CONSENT TO JOIN

Fair Labor Standards Act of 1938, 29 U.S.C. §216(b)

I hereby consent to be a party plaintiff in the matter of *Jimmie Clemons and Edward Houston, on Behalf of Themselves and All Others Similarly Situated v. PHB, Inc. and E-Transport Group, Inc.*, Civil Action No. 3:17-cv-417-B pending in the Northern District of Texas, Dallas Division (the "Lawsuit"). I acknowledge that I have read and understood the Notice of Collective Action Lawsuit and Settlement. I further acknowledge that this consent is intended to be filed in the Lawsuit to recover my alleged FLSA damages against the Defendants in the Lawsuit and to allow me to participate in the Settlement reached by the Parties in the Lawsuit. By joining the action or proceeding in which this consent is filed, I designate the Named Plaintiff(s) in such action or proceeding as my representative(s) to make all decisions on my behalf, to the maximum extent permitted by law, concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and costs, and all other matters pertaining to the action or proceeding. For purposes of pursuing my FLSA claims against Defendants, I choose to be represented by attorneys at the law firm of Baron & Budd, P.C. and other attorneys with whom they may associate, including Roger D. Marshall.

Date: _____, 2018.

Signature: _____

Printed Name: _____

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMIE CLEMONS and EDWARD HOUSTON, Individually and on behalf of those similarly situated, | § § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 3:17-cv-417 |
| PHB, INC. and E-TRANSPORT GROUP, INC., | § § § | |
| Defendants. | § § | |

## RELEASE

Your signature below constitutes a full waiver, release, and discharge of PHB, Inc. ("PHB") and E-Transport Group, LLC ("ETG"), and each of their respective present and former parent companies, subsidiaries (regardless of tier), sister companies, parts, divisions, related or affiliated companies, parts, divisions, and operating units, and all such entities' shareholders, owners, officers, directors, employees, managers, agents, attorneys, insurers, investors, representatives, licensees, predecessors, successors, and assigns, and any individual or entity which could be jointly liable with PHB or ETG and their counsel of record (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that you may have against any or all of the Released Parties arising out of your employment with PHB or your alleged employment with

ETG, the termination of your employment, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Release, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise.

### Consideration and Revocation Period for Release of ADEA Claims

If you are over the age of 40, you have the right to take up to 21 days to consider whether or not you desire to release any Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA") claims you may have by executing this Release and choosing to participate in the Settlement. You have seven days after executing this Release to revoke your decision to opt-in to the Settlement only as it pertains to your ADEA claims. Should you choose to revoke your execution of this Release as it pertains to your ADEA claims, you must inform the Plaintiffs' attorneys in writing prior to expiration of that seven-day period. After such seven-day period, your release of any ADEA claims you may have will be irrevocable.

Dated: _____

_____
Signature

_____
Printed

4817-9115-8402, v. 2

-2-